George Bracken v. George Bracken all right next up we have McDowell versus Bracken et al may it please the court my name is Stuart Goober I represent the appellant which was the plaintiff below this case involves a shareholder derivative lawsuit the court below dismissed at the pleading stage based on a failure to plead demand futility and dismissed the section 14a claim for failure to state a claim I'd like to discuss three things today one the standard of review two of course demand futility and how that relates to what our major challenges in this case and that is the CMA agreement it's a management agreement this is a beverage corporation it's a public company it's a big company it's controlled by a controlling shareholder who acts as CEO chairman of the board and owns 73 percent of the outstanding shares of the company he runs the company his president of the company and another board member is his son the other three board members are old-line business associates to go back at least 30 some years on the standard of review under 11th Circuit law on a dismissal of a shareholder derivative claim on a motion to was based solely on the pleadings other circuits have used a de novo review and this is a motion to dismiss the first second six seventh all have a de novo review let me interrupt you for just a second I mean the problem is we are bound by our prior precedent rule to follow what we have held in prior precedents so even if we were to agree that perhaps abuse of discretion shouldn't be the standard of review wouldn't you agree that under our prior precedent rule we are bound by that standard well I would say that the other circuits are persuasive authorities had what is your answer to the answer to the question is you're correct unless I can get an en banc review on that okay okay if I get an en banc if you folks determine that an en banc review is appropriate then that can change the standard of review I have a practical question about the standard of asking us to review factual conclusions of the district court or legal conclusions I think a legal and mixed questions of fact and law and I will say this that regardless of the standard of review that we should win today anyway so I'll make it easy and the last thing I say about the what we need to plead adequately is under Delaware law it's a Delaware corporation Delaware reviews this decision on a de novo review that's what I point out also with all that being said however on the demand futility issue there's two issues here this involves a decision each and the last 30 years that the board decides to renew or by not by being silent renew this CMA management agreement this management agreement is with the controlling shareholder so it's subject to a little special scrutiny so at the outset of this case I want to define this I ended up having to call the Securities and Exchange Commission and do a FOIA request to get this agreement that agreement is dated all the way back to 1990 or 1991 the agreement I got was slapped draft on it and was unexecuted by any party it's all this in your complaint yes the appellate did the appellee came to court with their agreement that they got from the SEC the only difference was theirs didn't say draft on it but it also was unexecuted now it's disagreement that's the subject of this lawsuit this agreement one for a company of this size and in this age is stale one it contains in a legal standard of conduct provision permitting CMA off the hook unless it engages in intentional misconduct that's not the law in Delaware there's no exculpation for a management agreement there's no exculpation for any officer the only exculpation you get is for a director that's a I think that's a common sense point but do you have any cases finding that those types of clauses are illegal I'm sorry do you have any cases that support your argument on that point though there's law on the point the Delaware statute only gives exculpation for directors that's it that's a plane what I'm asking does it does it bar does it bar excuse me I'm sorry does it bar exculpation for other parties yes there is case law in our brief there definitely is case law in our brief we argued this below the defense will agree that there's case law in in our brief that indicates this that's not the argument and if that was standing alone I wouldn't make a big deal of it because of course there's a provision in the agreement that says if something's illegal here or becomes illegal it gets stricken from the agreement that's not the main focus of what my argument is today my argument is more about there's two other features and one's really troublesome one there's an onerous termination clause of one year this CMA agreement they run this whole company you would never ever want people to run your company for a whole year that you terminate it so I believe that's unduly burdensome the last thing's the most important thing the representations of the compensation that CMA are entitled to are different in the agreement than what's represented in the proxy statements and publicly filed with the SEC in the proxy statements and here's the formula that CMA gets one percent of all net sales for everything they do including any strategic transactions they would engage in can you help put this all in the context of the issue you're raising on appeal as I understand it yes I have everybody agrees that we we have to do the abuse of discretion right or wrong right and I think you also agree that the pre-suit demand applies to both the section 14 claims and your other claims it applies to all claims is that correct the abuse of discretion no the pre-suit demand to the board yes there's some confusion about that but I think you agreed in the district court and on appeal it applies to all crimes so now we're just trying to decide whether the exception applies is that where we are that's where we are and I'll make sure we're where we are so now the exception applies and tell me what the exception is and how you fit okay there's two exceptions okay one is the independence of the of the majority of the directors to whether they uh engage in a valid exercise of their business judgment and I think the answer to both those questions and I only need to win one is no and why I went through the agreement is very important and the last part is important I was trying to say so is what you're arguing about the terms of the CMA goes to what goes to the valid exercise of business judgment these directors have been there in fact two of the directors were there when the original agreement was signed all the way back in 1990. The I'm just playing devil's advocate the company's been highly successful thank Paul why does that not say management's doing a good job and they keep reaffirming the agreement well I mean that may be too simplistic but I want to answer look plenty of companies have management to do good jobs but you need you're in the 21st century and needs to be governed in a certain way if you are intentionally releasing false and misleading statements in SEC filings I don't care how successful you are that is a breach of fiduciary duty and one day it's going to catch up with you when you're not doing so well and that's the issue here in the proxy statement I'll tell you why abuse of discretion in the proxy statement it says they get one percent net sales for everything including strategic transaction in the agreement says one percent for net sales but for strategic transactions you get an additional fee that you can negotiate now the public would never know this when they went the proxy statement that proxy statements false and misleading now whether there's causation on the proxy statement or not is a different issue because disseminating materially false and misleading in SEC filings is simply a breach of fiduciary duty and indicates bad faith especially from directors who have been doing it year after year after year and who have knowledge knowledge of what's in that agreement we have a very small board and that's what the difference is here than is in most normal cases I think I know the answer but tell me why you just don't go make a pre-suit demand and well I'm going to tell you exactly that I think because after that it's harder to prove your claim if you actually make a pre-suit demand because the business judgment rule comes into play tell me tell me why you just didn't make a pre-suit demand because I believe that the board was not independent we have a very small board here it's five people but you could have obviated the issue by making a pre-suit demand and say they just deny your claims then well there's a much harder standard on a wrongful refusal claim than a demand futility claim okay that's what I thought the answer was why and candidly I thought that was it you've confirmed it for me candidly at this point the lower court dismissed us with and say you haven't met demand futility then shouldn't I be given an opportunity to make that demand consistent with what the court ruled the court dismissed me with prejudice I want to talk about the board for just a minute it's a small board it's five members father and son controlling shareholders 73 you have three other board members Mr. Stanley Sheridan he's been a board member since 2009 he has a very long-standing relationship he was employed by Faygo beverage owned by NBC promoted the president by the main defendant here Mr. Caparella controlling shareholder in 1987 and served as president until his retirement in 2004 he waited the five years under the rules you got to wait five years and then you can get on the board and considered under NASDAQ rules independent the other two board members are Samuel Hawthorne who's been on it was on the NBC board from 1985 to 1993 he was there when the CMA agreement was signed he was a member of Burnham and Sims another company controlled by Mr. Caparella Mr. interrupt but you're in your you're over time but if you'd like no I have seven seconds oh I see I'm sorry that's okay the other option would be you could go into your rebuttal time but that's up to you oh that's okay it can go into the rebuttal time okay NBC uh Samuel Hawthorne he was with Burnham and Sims from 1981 to 1997 he returned to the NBC board in 1997 he's been there since over 20 years Chris Comley lead director at Burnham and Sims for more than 20 years he served on NBC's strategic planning committee since 1995 he's been a director since 2009 we've cited a couple cases where these type of relationships small board long long time not five not ten not just friends business associates close business associates cited in Rafe report Emerald Partners in the brief I thank you thank you counsel good morning and may it please the court I'm Amy Eldridge on behalf of Appalese and defendants and I'm joined today by my colleague Lacey Gimm who also defended the case below the primary question as the court has already noted that we're here today to discuss is whether the plaintiff below invoked successfully invoked the very very narrow exception to plead demand futility under Delaware law he has not and I'm going to address a couple of those quickly and then go to some of the points he made but as a court I've got a question before you get started what's the law on whether the complaint would be dismissed with or without prejudice so the prejudice question is interesting because and it ties into the analysis on the 14a claim so as we covered in our briefs and it it gets a little tricky here as the court's noted that you have to plead demand futility to get past the initial threshold on it on a demand or on a 14a claim for a proxy so the district court below addressed demand futility she also addressed the merits of the 14a claim for two reasons one and there's case law that we cited in the brief as precedent for doing so the primary reason is because plaintiff continues to insist that one of the reasons that the directors were not independent and are disabled is because they face substantial liability on the 14a claim so it was proper for the district court below to look at the merits of the 14a claim because if there's no possibility of possibility of liability on that claim then it's yet another reason that the directors were not in fact into not they lacked independence right so here the district court looked at the 14a claim and looked at the merits and plaintiff very briefly acknowledges but doesn't really address there is no 14a claim here because there's no possible loss causation the case law on that is very clear if you look at jabil circuit which is 11th circuit precedent you can't have causation on a proxy claim unless the material misstatement or omission relates directly to what was voted on in this case the proxies at issue were 2015 16 and 17 the 2015 proxy has both an election of directors and an advisory say on pay vote the 16 and 17 proxies are only for election of directors case law is clear that none of those things can establish causation on a proxy claim and so although plaintiff talks about the cma agreement and what he finds are issues with that the cma agreement wasn't at issue in the proxy there was no solicitation for shareholder votes about the cma agreement there's no causation for a proxy claim so that's why it was appropriate for the district court to assess the merits of that claim and because it was fully pled to dismiss it with on that particular claim so then I'd like to go back to a couple of the other points as the court knows under Delaware law the directors are presumed independent and in this case what plaintiff has pled and even the discussions just momentarily highlight is that he has pled that the directors have long-standing business relationships that is simply clearly just not enough under Delaware law and in fact here even in some cases where there are long-standing business relationships and you might have significant pleadings that discuss different things plaintiffs the paragraphs on demand futility below don't even constitute a full page of the complaint right three paragraphs pages or paragraphs 108 109 and 110 they don't they're not even an entire page and they're only about the business relationships the fact that several of these directors have been directors for companies not enough the case law on that we can look at step back we can look at stair v adams or stair v something else that starts with an a it's not but you know those those just simply aren't enough and the cases where we have where the Delaware courts even under a de novo review right where they have found that there was a disability of directors and they were not independent those cases including the very recent ones they have all pled very specific personal relationships long-standing personal relationships things that look like family ties we can go back even to beam the Martha Stewart case and even that case teaches us that there are personal relationships that could be disabling there were none pled there right that's sort of the first time we look at what a thin social circle friendship looks like and you might have directors that have overlapping ties on boards where their business relationships clearly not enough the cases where we see that the court says it is enough are very personal relationships and they look at the recent ones of course have involved familial ties long-standing you know first job through your entire career and we're going to raise a half a million dollars to name an important community building after you they're very very different than the allegations we have here I'd also point out that the directors here opposing council noted that the director on with whom he focused primarily was director Sheridan who was the CFO of Faygo beverages prior to a merger in which it was acquired by National Beverage Corporation decades ago and then he came on stated executive at the post merger and then left when he retired and was gone for five years under the NASDAQ rules for independence of directors all three of the and plaintiff pled no facts although in fairness even if they're even if they qualify under the NASDAQ regulations that that's not a definitive answer for us right both not definitive although those regulations are in harmony with Delaware law right so a finding where they there is a difference between those two would in insert some sort of disharmony between what the Delaware law looks at for independence and what the NASDAQ rules require I'd also note that one of the cases that came up in the briefing and that we discussed Sanchez where the director was found to be not independent Sanchez also not independent under the NASDAQ rules so it is something that the Delaware courts continue to look at although as your honor notes it's not dispositive but here we have no plea no facts at all even pled about why any director might not meet those standards so the record's clear that they you know for for the purposes of this case there isn't anything to undermine that or to suggest that that's not in fact true and then on I wanted to cover quickly the I think we already addressed the 14a claim and jubilee circuit I wanted to just highlight that the claims there were claims that were waived below and not addressed sufficiently in the briefs here so I think both the care claim and the claim for corporate waste have have been gone so they're they're out now and that it's I think we're also clear that the standard of on the standard of review and that it's there yeah I think unless the court has other questions I'm going to rest on the arguments in my brief and yield the remainder of my time thank you counsel thank you a couple of very quick points on the with or without prejudice the 14a claim found no substantial liability the no substantial liability finding is one under a demand futility analysis again regardless of what the court determines to do with the 14a9 claim we've fled other claims that were untouched by the court below the breach of fiduciary duty claim that we have that should be without prejudice we should be able to make a demand on that board should you choose not to agree with our argument on the demand futility issue now on abuse of on the agreement the court below and it's in the opinion says that in the proxy statement it says that cma gets one percent of net sales plus an additional fee where it negotiates a substantial transaction that's not true that's what the agreement that no one else has seen says that's my problem with this each and every time they issue a proxy statement whether you challenge it as a proxy statement or just any other public statement made by the company in an sec filing it's materially false and misleading one day that majority shareholder can engage in a substantial transaction and say hey under my contract yes I get my one percent but I want an additional fee now too under that provision that's what I'm trying to prevent and two when you look at it a substantial transaction based on the formula that they million dollars in net sales I not only got a fee for doing the transaction I now get an additional one percent of the additional sales of this company nobody knows that there is no executed agreement it's 30 years old so at the very least I would respectfully request that even if the court upholds demand for utility that it at least reverse and remands directs district court to dismiss without prejudice so we can make a demand on the board thank you thank you counsel we'll be in recess